IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 1:18-00249-KD-B |
| JARRELL CANTOINE LEE, | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Jarrell Cantoine Lee's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 55); the Government's Response (Doc. 61); and Defendant's Reply (Doc. 62).

**I.   Background**

On April 16, 2019, Defendant pleaded guilty to Count One, in a one-count indictment, possession of a firearm by a prohibited person in violation of 18 U.S.C. 922(g)(1) pursuant to a written plea agreement. (Doc. 59; Doc. 46 (plea agreement)). On July 19, 2019, Defendant was sentenced to 60 months in prison,[1] followed by three years of supervised release. (Doc. 60 at 11-12; Doc. 53 at 2-3). Defendant filed a notice of non-appeal that same day. (Doc. 52).

On June 21, 2019, the Supreme Court decided the case of Rehaif v. United States, 139 S.Ct. 2191 (2019). In *Rehaif*, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

---

[1] Defendant received credit for time served (3 days). (Doc. 53 at 2).

1

On November 23, 2019 Defendant filed the instant motion to vacate his conviction and sentence in light of *Rehaif*. (Doc. 55). Defendant contends his conviction for violating 18 U.S.C. § 922(g)(1) "is due to be vacated and set aside pursuant to *Rehaif*, as there was no evidence that he knew that he belonged to the relevant category of persons banned from possessing a firearm." (Doc. 55 at 3). Defendant maintains that the Government failed to prove, "and cannot meet its burden of proof," that Defendant knew he belonged to a category of persons prohibited from possessing a firearm. (Id.).

The Government responds that Defendant's claim is procedurally defaulted and substantively meritless. (Doc. 61 at 6, 8). Specifically, the Government contends Defendant's claim is procedurally barred because, "[t]hough Lee now argues that the United States could not have met its burden to show that he knew that he had previously been convicted of a felony, he did not raise that argument to the district court or to the court of appeals." (Id. at 6) (internal citations omitted). Moreover, the Government asserts Defendant cannot show cause or prejudice to overcome this procedural default. (Id. at 7). As to the substantive merit of Defendant's claim, the Government asserts any *Rehaif* error was harmless as the evidence would have proven Defendant's knowledge of his felon status. (Id. at 9-10).

Defendant replies that the Government's procedural default argument is meritless as "that is exactly what defendant is doing with filing this petition, [raising his *Rehaif* claim], with this court…within the one year period of limitation." (Doc. 62 at 1-2). Secondly, Defendant retorts the Government "cannot meet its burden of proof as articulated by SCOTUS in *Rehaif*…" (Id.). Defendant contends his sentence "violates the law as pronounced by SCOTUS in *Rehaif*" because the Government did not show Defendant knew he was a persons prohibited from possessing a

firearm. (Id. at 4-5). Thus, Defendant asserts his sentence, judgment, and conviction are due to be vacated. (Id. at 5).

## II.    Legal Standard

Collateral review is not a substitute for direct appeal. Thus, "the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are limited." Gayle v. United States, 2020 WL 4339359, *3 (S.D. Fla. July 28, 2020). A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that (1) violated the Constitution or the laws of the United States; (2) exceeded its jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack. See 28 U.S.C. § 2255. So, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotations omitted). And see McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011) (same). If a court determines it imposed a sentence in violation of Section 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The movant, not the government, bears the burden to establish that vacatur of the conviction or sentence is required. Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

## III.   Discussion

In *Rehaif* the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g), the Government must prove the defendant both knew he possessed a firearm and knew he belonged to the relevant category of persons prohibited from possessing a firearm. 139 S.Ct. at 2194. *Rehaif*

did not announce a new rule of constitutional law, rather, it clarified the statutory elements for prosecution pursuant to 18 U.S.C. § 922(g). See In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (denying request for leave to file second or successive motion based on *Rehaif*); see also In re Price, 964 F.3d 1045, 1049 (11th Cir. 2020) ("*Rehaif* did not announce a new rule of constitutional law"); In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019) (same).

The Eleventh Circuit in Palacios also concluded, "even if *Rehaif* had announced a new rule of constitutional law… it was not made retroactive to cases on collateral review…" Palacios, 931 F.3d at 1315. And see In re Wright, 942 F.3d at 1065 ("the Supreme Court has not made that decision retroactive to cases on collateral review); In re Price, 2020 WL 3790532, at *4, 964 F.3d 1045 (same). "The Eleventh Circuit has not expressly determined whether *Rehaif* applies retroactively to litigants pursuing § 2255 relief for the first time."[2] United States v. Moody, 2020 WL 4756679, *2 (N.D. Fla. July 20, 2020), *report and recommendation adopted*, 2020 WL 4755356 (N.D. Fla. Aug. 15, 2020). And see North v. United States, 2020 WL 2873626, *2 (N.D. Ga. May 14, 2020) (same). Even assuming, for purposes of analysis only, that *Rehaif* applies retroactively, Defendant is still not entitled to relief for the reasons discussed *infra*.

1. **Procedurally Default**

---

[2] But, most district courts in this circuit addressing the issue have extended the Eleventh Circuit's reasoning in Palacios to initial Section 2255 petitions, finding *Rehaif* does not apply retroactively. See e.g., Jones v. US, 2020 WL 5045199, *3 (S.D. Fla. Aug. 7, 2020), *report and recommendation adopted*, 2020 WL 5040181 (S.D. Fla. Aug. 26, 2020) (finding *Rehaif* not retroactive on defendant's first Section 2255 petition); Gayle v. United States, 2020 WL 4339359, *5 (S.D. Fla. 2020) (same); Seabrooks v. United States, 2020 WL 4016831, *9 (S.D. Fla. May 27, 2020) *report and recommendation adopted*, (2020 WL 4015577 (S.D. Fla. July 16, 2020)) (same); Doss v. United States, 2020 WL 3415547, *2 (N.D. Ala. June 22, 2020) (same); Durham v. United States, 2019 WL 5653858, *8 (S.D. Fla. Oct. 9, 2019) (same); Johnson v. United States, 2020 WL 3407674, * (S.D. Ga. June 18, 2020) *report and recommendation adopted*, 2020 WL 4194010 (July 21, 2020) (same).

Under the procedural default rule, a defendant generally must challenge a criminal sentence or conviction on direct appeal or he is barred from presenting that claim in a Section 2255 proceeding. Lynn, 365 F.3d at 1234; McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). "This rule generally applies to all claims, including constitutional claims." Id. (citations omitted).

A defendant's "procedural default can be excused, however, if one of the two exceptions to the procedural default rule applies." McKay, 657 F.3d at 1196. The two exceptions are: (1) for cause and prejudice; and (2) for a miscarriage of justice or actual innocence. Lynn, 365 F.3d at 1234. "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Id. (citing Bousley v. United States, 523 U.S. 614, 622 (1998); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994); Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989); Martorana v. United States, 873 F.2d 283, 284 (11th Cir. 1989); Parks v. United States, 832 F.2d 1244, 1246 (11th Cir. 1987)) (emphasis in original). Defendant must show "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously. Murray v. Carrier, 477 U.S. at 478, 488 (1986); Lynn, 365 F.3d at 1235 (citing same). A court may allow the defendant to proceed under the second exception if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Mills, 36 F.3d at 1055.

The Government asserts that Defendant procedurally defaulted his claim because "he did not raise [his] argument to the district court or to the court of appeals." (Doc. 61 at 6). Moreover, the Government contends the Defendant "could have opted to proceed to trial, objected to the relevant jury instructions, and made his argument to the Eleventh Circuit and to the Supreme Court." (Id. at 7).

Defendant responds that the Government's procedural default contention is meritless because "that is exactly what the defendant is doing with the filing of his petition with the Court." (Doc. 62 at 2). Per Defendant, Defendant's motion is also timely as it is within the one-year period of limitation. (Id.). Further, Defendant asserts neither Defendant nor Defendant's counsel knew of *Rehaif* until after Defendant was sentenced. (Id.).

On July 19, 2019, the same day Defendant was sentenced, he filed a notice of non-appeal. (Doc. 52). Defendant did not directly appeal his conviction; Defendant's first attack on his sentence and conviction occurred when he filed the instant Section 2255 motion.[3] See e.g., Massaro v. United States, 538 U.S. 500, 504-05 (2003) (explaining differences between Section 2255 motions and direct appeals). So, Defendant will be procedurally barred from bringing his Section 2255 motion unless Defendant can show that one of the two exceptions to the procedural default rule applies. See Lynn, 365 F.3d at 1234 (explaining a defendant must typically challenge his conviction and/or sentence on direct appeal or he is barred from challenging same in a 2255 motion); McKay, 657 F.3d at 1196 (explaining the two exceptions to the procedural default rule);

As to cause, Defendant did not raise his mens rea claim at his plea hearing, at his sentencing, or on direct appeal. Defendant points out as justification that neither Defendant nor Defendant's counsel knew of the *Rehaif* decision until after Defendant was sentenced. (Doc. 62 at

---

[3] Defendant argues his petition is timely. (Doc. 62 at 2). The parties do not dispute that Defendant's claim is timely, in that it was asserted within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Per Defendant, his petition presents his claims to this Court, "contrary to the Government's argument that the defendant is 'procedurally barred from bringing the claim in a § 2255 motion because he did not first present it to the trial court or appellate courts.'" (Doc. 62 at 1-2). Defendant does present his Claim to this Court, albeit in a Section 2255 motion, not on direct appeal. Thus, Defendant must show that an exception to the procedural default rule applies.

2)[4]. But, although precedent in this circuit foreclosed the position adopted by the Supreme Court in *Rehaif,* "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Bousely, 523 U.S. at 623. The Supreme Court has held cause could be established if a claim is "so novel that its legal bases is not reasonable available to counsel." Id. at 622. But the issue knowledge-of-status requirement at issue here is not "so novel." Gayle, 2020 WL 4339359, *4 (finding knowledge-of-status requirement "routinely examined" and not novel). See also Gilbert v. United States, 3030 WL 4210632 (S.D. Ga. 2020), *report and recommendation adopted*, 2020 WL 4208240) (finding *Rehaif* claim to not be novel because "the building blocks for the claim were available."); Dawkins v. United States, 2020 WL 4936978, *3 (S.D. Fla. Aug. 24, 2020) (finding movant's *Rehaif* claim not novel as the issue has been "repeatedly and thoroughly litigated in the courts of appeals for decades."). And see Bousley, 523 U.S. at 622 (finding a claim was not novel because, "at the time of petitioner's plea, the Federal Reporters were replete with cases involving [the same] challenge[ ]" (citation omitted)); see also Geter v. United States, 534 F. App'x 831, 836 (11th Cir. 2013) (per curiam) ("It is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel." (citing cases)). As such, Defendant cannot establish "cause" for the procedural default.

Even assuming Defendant could show cause, Defendant cannot and has not shown prejudice. To demonstrate prejudice, Petitioner "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152, 170 (1982). Defendant was previously

---

[4] *Rehaif* was decided approximately one month before Lee was sentenced and filed a notice of non-appeal. Thereafter, the case received significant media attention, particularly in legal periodicals.

convicted of three different offenses, each of which were punishable by imprisonment for a term exceeding one (1) year, in Monroe County and Montgomery County, Alabama. (Doc. 46 at 16; Doc. 48 at 6; Doc. 59 at 7-8). Defendant's prior convictions were addressed at Defendant's guilty plea hearing; Defendant signed a plea agreement that detailed the same convictions. (Doc. 46 at 16; Doc. 59 at 7-8). Defendant's Pre-Sentence Report described his prior convictions in detail. (Doc. 48 at 6-7). Defendant did not object to the Pre-Sentence Report's recitation of his prior convictions. (Doc. 60 at 2 (stating no objections to the criminal history point calculation at sentencing); Doc. 51 at 2 (sentencing memorandum stating no objections)). See United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) ("Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity."). Defendant also stated at his sentencing hearing: "I just want you to know that I accept full responsibilities for my actions…" (Doc. 60 at 10). As such, Defendant has not met his burden of proving prejudice. See e.g., United States v. Johnson, 805 Fed.Appx. 740, 743 (11th Cir. 2020) (finding no prejudice where "Johnson's indictment alleged that he had four prior felony convictions, he stipulated before trial that he was a felon, and he admitted at sentencing that he had been convicted of multiple felony offenses for which he served lengthy terms in prison before possessing the firearm"); Gayle, 2020 WL 4339359 at *4 (finding prejudice was not established where the facts in Movant's plea colloquy and factual proffer establish Movant was aware of his prohibited status at the time he possessed a firearm); North, 2020 WL 2873626, *4 (N.D. Ga. May 14, 2020) (finding no prejudice where prior felonies discussed in PSR, at sentencing, and at trial without objection to the classification of those convictions as felonies); United States v. Reed, 941 F.3d 1018, 1022 (11th Cir. 2019) (citing eight prior felonies, stipulation to felony conviction prior to offense date, and trial testimony showed knowledge of status as felon).

Additionally, Defendant does not allege, nor could he prove, actual innocence. "'[A]ctual innocence' means factual innocence not mere legal insufficiency." Bousely, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousely, 523 U.S. at 623 (citations omitted). Given the evidence presented in Defendant's Pre-Sentence Report, discussions at both the sentencing hearing and guilty plea hearing, and his stipulations to prior convictions in the plea agreement, Defendant cannot meet the necessary standard. Accordingly, Defendant has failed to overcome the procedural default rule.

2. **Harmless Error**

Even if Defendant could overcome the procedural default rule, he is not entitled to relief under the requisite plain error review. To establish plain error, Defendant "must prove that an error occurred that was both plain and that affected his substantial rights." Reed, 941 F.3d at 1021 (citing United States v. Olano, 507 U.S. 725, 732 (1993)). If he succeeds, the court may, "in [its] discretion, correct the plain error if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. In order to correct an unpreserved error,[5] "the error must have been prejudicial: It must have affected the outcome of the district court proceedings." Moore, 954 F.3d at 1337 (citing Olano, 507 U.S. at 734). Accordingly, Defendant "must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004)).

---

[5] Defendants must object to preserve an issue for appeal. See United States v. Hayes, 798 Fed.Appx. 560, 563 (11th Cir. 2020). Defendant raises this claim for the first time in this motion; thus, plain error review applies. See e.g., (Doc. 60 at 2 (stating no objections to the criminal history point calculation at sentencing); Doc. 51 at 2 (sentencing memo listing no objections to Pre-Sentence Report)).

The Government asserts "[a]ny *Rehaif* error in Lee's case was harmless. Lee did not contest whether he was in one of the categories of people that made it unlawful for him to possess a firearm." (Doc. 61 at 9). Specifically, the Government points out that "he pled guilty to the indictment and stipulated to having been convicted of three felonies prior to his possession of his firearm." (Id.). The Government also maintains Defendant's prior Alabama state convictions were "the result of a plea agreement." (Id. at 10). Thus, according to the Government, Defendant would have been told that the Alabama state convictions were felony convictions because Alabama law requires judges inform defendants of the maximum possible sentence when a defendant pleads guilty. (Id.). The Court agrees.

Defendant cannot "show a reasonable probability that, but for the [*Rehaif*] error, the outcome of [Defendant's case] would have been different." Reed, 941 F.3d at 1021 (citing Molina-Martinez v. U.S., 136 S.Ct. 1338, 1343 (2016)). When Defendant possessed the firearm, he had been convicted of three felony convictions in an Alabama court. (Doc. 48 at 6-7 (Pre-Sentence Report outlining prior convictions). And, the Court could infer Defendant knew he was not supposed to have a gun based on his statements to the Court accepting responsibility for same; supported by Defendant's acknowledgement of his criminal history in the factual resume of his plea agreement. (Doc. 60 at 10; Doc. 46 at 16); Reed, 941 F.3d at 1022 ("the jury could have inferred [defendant] knew he was a felon from his stipulation and from his testimony that he *knew* he was not supposed to have a gun"). Defendant did not object to the allegations of fact about his prior felony convictions at his guilty plea hearing or at sentencing either. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations in a PSI admits those facts for sentencing purposes). Because the record before the Court established Defendant knew he was a felon, he cannot prove the errors affected his

10

substantial rights. See, Johnson, 805 Fed.Appx. at 743 (holding defendant could not show errors affected his substantial rights where "indictment alleged [defendant had]…four prior felony convictions, he stipulated before trial that he was a felon, and he admitted at sentencing that he had been convicted of multiple felony offenses for which he served lengthy terms in prison before possessing the firearm"). See e.g., North, 2020 WL 2873626 at *5  (finding no error because defendant "stipulated to having committed a crime punishable by more than one year in prison and the jury heard evidence of" same); Johnson v. United States, 2020 WL 3407674, *3 (S.D. Ga. June 18, 2020) *report and recommendation adopted*, 2020 WL 4194010 (July 21, 2020) (finding any error harmless because the "uncontroverted record establishes Petitioner knew he was a felon when he possessed a firearm"); Moody, 2020 WL 4756679, *2 (finding defendant could not show a reasonable probability that but for a *Rehaif* error the outcome would be different where defendant has four felony convictions and could not credibly argue he was unaware of his felon status). Therefore, Defendant's claim does not constitute plain error.

**IV.   Conclusion**

For the reasons stated herein, Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 55) is **DENIED**.

**DONE** and **ORDERED** this the **8th day** of **September 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**