IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 1:18-00249-KD-B |
| | ) |
| JARRELL CANTOINE LEE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

In the order entered September 8, 2020, this Court denied Defendant Jarrell Cantoine Lee's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 without addressing whether Lee was entitled to a Certificate of Appealability or entitled to proceed *in forma pauperis* on appeal. (Doc. 63 (Court's Order denying Lee's motion); Doc. 55 (Lee's motion pursuant to 28 U.S.C. § 2255)). Both are addressed herein.

I.   **Certificate of Appealability**

Rule 11(a) of the Federal Rules Governing Section 2255 Proceedings requires this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from… the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). And see United States v. Taylor, 2019 WL 1319277, *1 (N.D. Fla. March 22, 2019) ("A defendant may appeal the denial of a § motion only if the district court or court of appeals issues a certificate of appealability."). Pursuant to 28 U.S.C. 2253(c)(2) "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). This "does not require a showing that the appeal will

1

succeed." Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). Rather, "[a] prisoner seeking a [certificate of appealability,] COA[,] must prove 'something more than the absence of frivolity' or 'the existence of mere good faith' on his part." Id. at 338 (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)) (internal citations omitted). The petitioner is not required to prove, before a Court issues a COA, "that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration that petitioner will not prevail." Id. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). And see Davis v. Terry, 625 F.3d 716, 717 (11th Cir. 2010) (same).

Lee's constitutional claim raised in his Section 2255 motion does not satisfy this threshold; no reasonable jurist would find the Court's decision debatable or wrong. The undisputed evidence shows that Lee knew he had been convicted of three prior felonies and that Lee knew he was in a class of persons prohibited from possessing a firearm. Accordingly, the certificate of appealability is **DENIED.**

## II.   *In Forma Pauperis*

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3). A district court's finding:

> that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit.

Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3)." Weaver v. Patterson, 2012 WL 2568218, *7 (S.D. Ala. Jun. 19, 2012), report and recommendation adopted, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (citations omitted). And see Ghee v. Retailers Nat'l Bank, 271 Fed.Appx. 858, 859-60 (11th Cir. 2008) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962) (finding that a "party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard," and noting that a non-frivolous claim is one "capable of being convincingly argued," so that "where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed") (internal quotations omitted)); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'), *aff'd*, 193 F.3d 522 (11th Cir, 1999)).

"An appeal is not taken in good faith if it is plainly frivolous." Johnson v. Thomas, 2005 WL 3005545, *1 (S.D. Ala. November 8, 2005); Busch v. County of Volusia, 189 F.R.D. 687, 692 (M.D. Fla. Dec. 16, 1999) ("The Petitioner demonstrates good faith when she seeks appellate review of any issue that is not frivolous."). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). But see, e.g., United States v. McCray, Nos. 4:07cr20-RH, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I

3

certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal[]").

In consideration of the issues addressed herein, the Court finds and certifies that any appeal by Lee in this action would be without merit and therefore not taken in good faith. Accordingly, Lee is not entitled to appeal *in forma pauperis*.

### III. Conclusion

For the reasons stated herein, Lee is not entitled to the issuance of a certificate of appealability, and therefore, is not entitled to proceed *in forma pauperis*.

**DONE** and **ORDERED** this the **11th day** of **September 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**